**SHAMIS & GENTILE, P.A.**
Mariam Grigorian, Esq.
*(Admitted Pro Hac Vice)*
Florida Bar No. 1010510
mgrigorian@shamisgentile.com
14 NE 1st Avenue, Suite 705
Miami, Florida 33132
Telephone: 305-479-2299

**HIRALDO P.A.**
Manuel S. Hiraldo, Esq.
(Admitted *pro hac vice*)
Florida Bar No. 030380
mhiraldo@hiraldolaw.com
401 E. Las Olas Blvd., Ste. 1400
Fort Lauderdale, FL 33301
954-400-4713

*Attorneys for Plaintiff and Proposed Class*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| Cheryl Tellez-Vasquez, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> Fort Consulting, LLC d/b/a MUV Arizona[1] <br><br> Defendant. | Case No. 2:21-cv-00152-SPL <br><br> THIRD AMENDED CLASS ACTION COMPLAINT <br><br> Jury Trial Demanded |

---

[1] Plaintiff hereby moves to dismiss former Defendant Alternative Medical Enterprises LLC without prejudice pursuant to Federal Rule 41(a)(2). Discovery produced by former Defendant Alternative Medical Enterprises LLC makes clear that they are not a proper defendant.

## CLASS ACTION COMPLAINT

1.      Plaintiff Cheryl Tellez-Vasquez brings this action against Defendant, Fort Consulting LLC d/b/a MUV Arizona ("Defendant"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## NATURE OF THE ACTION

2.      This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. (the "TCPA") and its implementing regulations.

3.      Defendant Fort Consulting LLC is a cannabis dispensary. To promote its services, Defendant engages in aggressive unsolicited marketing, including to individuals who have asked for the calls to stop, as well as those who have registered their numbers on the National Do Not Call Registry.

4.      Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals.  Plaintiff also seeks statutory damages on behalf of herself and members of the Class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

5.      Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant.  Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when

aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

6.  This Court has personal jurisdiction over Defendant because Defendant directs, markets and provides its business activities in this District thereby establishing sufficient contacts to subject it to personal jurisdiction.

7.  Venue is proper in the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred within the State of Arizona and, on information and belief, Defendant sent the same text messages complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts in making such calls have occurred within this district, subjecting Defendant to jurisdiction in the State of Arizona.

## PARTIES

8.  Plaintiff is a natural person who, at all times relevant to this action, was a resident of Maricopa County, Arizona.

9. Defendant Fort Consulting, LLC is an Arizona limited liability company. Fort Consulting, LLC directs, markets, and provides its business activities throughout the United States, including throughout the state of Arizona.

10. Unless otherwise indicated, the use of Defendant's names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

**FACTUAL ALLEGATIONS**

11. Over the past year, Defendant sent numerous telemarketing text messages to Plaintiff's cellular telephone number ending in 5790 (the "5790 Number") from Defendant's 586-315-4706 number, including the following sent on May 20, 2020, May 21, 2020, and May 22, 2020:



12. The text messages conclude with opt-out instructions such as "Reply STOP ZR97 to cancel".

13. On or about May 22, 2020, Plaintiff responded to Defendant in an attempt to opt-out of further communications, using Defendant's preferred opt-out language with the word "Stop".

14. Immediately after Plaintiff sent her opt-out request, Defendant, within seconds, responded with an automated opt-out confirmation text confirming that Plaintiff had opted out of future communications: "You have been successfully unsubscribed."

15. Despite Plaintiff's request to opt-out from any further communications, and Defendant's subsequent opt-out confirmation, Defendant ignored Plaintiff's request and again sent Plaintiff additional promotional text messages, including the below text message on or about June 15, 2020. This message came from a different number belonging to Defendant: 206-829-6616. Defendant's refusal to honor opt-out requests is indicative of Defendant's failure to (1) maintain an internal do not call list; and (2) inform and train its personnel engaged in telemarketing in the existence and the use of any internal do not call list.



16. Defendant's use of automated, instantaneous opt-out confirmations show that Defendant has the capability of immediately and easily complying with Plaintiff's opt-out requests and opt-out requests from putative class members.

17. Despite these technologically advanced capabilities, Defendant ignored opt-out requests and instead committed themselves to an unrelenting text message marketing campaign that was poorly supervised.

18. Defendant used multiple telephone numbers to send marketing text messages to Plaintiff and members of the Class and failed to ensure that requests by Plaintiff and Class members to opt-out of future communications were honored.

19. In other words, Defendant failed to maintain a master opt-out list and/or failed to maintain internal policies to sufficiently cross-reference Defendant's various marketing telephone numbers with the opt-out requests made by Plaintiff and members of the Class.

20. Defendant's indifference towards opt-out requests is a blatant violation of the TCPA.

21. Defendant's text messages were transmitted to Plaintiff's cellular telephone, and within the time frame relevant to this action.

22. Defendant's text messages constitute telemarketing because they encouraged the future purchase or investment in property, goods, or services, i.e., selling Plaintiff cannabis products.

23. The information contained in the text message advertises Defendant's various discounts and promotions, which Defendant sends to promote its business.

24. Plaintiff received the subject texts within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district. Upon information and

7

belief, Defendant caused other text messages to be sent to individuals residing within this judicial district.

25. At no point in time did Plaintiff provide Defendant with her express written consent to be contacted.

26. To the extent that Defendant had express consent to contact Plaintiff for marketing purposes, that consent was expressly revoked when Plaintiff responded "STOP".

27. Plaintiff only uses the 5790 Number for personal reasons and not for business purposes.

28. Plaintiff is the subscriber and sole user of the 5790 Number and is financially responsible for phone service to the 5790 Number.

29. Plaintiff has been registered with the national do not call registry since 2012.

30. Defendant's texts were not made for an emergency purpose nor to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

31. Upon information and belief, Defendant does not have a written policy for maintaining an internal do not call list pursuant to 47 U.S.C. § 64.1200(d)(1).

32. Upon information and belief, Defendant does not inform and train its personnel engaged in telemarketing in the existence and the use of any internal do not call list pursuant to 47 U.S.C. 64.1200(d)(2).

33. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call

registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

34. The text messages originated from telephone numbers (586) 315-4706 and (206) 829-6616, numbers which upon information and belief are owned and operated by Defendant or on behalf of Defendant.

35. Defendant's unsolicited text messages caused Plaintiff actual harm, including invasion of her privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's text messages also inconvenienced Plaintiff and caused disruption to her daily life.

## CLASS ALLEGATIONS

### PROPOSED CLASS

36. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and all others similarly situated.

37. Plaintiff brings this case on behalf of the Classes defined as follows:

> **Do Not Call Registry Class: All persons in the United States who from four years prior to the filing of this action (1) were sent a text message by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of marketing, promoting, advertising, and/or soliciting Defendant's products and services.**

> **Internal Do Not Call Class: All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a text message from Defendant or anyone on Defendant's behalf, to said person's cellular telephone number *after* making a request to Defendant to not receive future text messages.**

38. Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes but believes the Class members number in the several thousands, if not more.

**NUMEROSITY**

39. Upon information and belief, Defendant placed violative calls to cellular telephone numbers belonging to thousands of consumers throughout the United States after they had elected to opt out of any future messages. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

40. The exact number and identities of the members of the Classes are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

41. There are numerous questions of law and fact common to members of the Classes which predominate over any questions affecting only individual members of the Classes. Among the questions of law and fact common to the members of the Classes are:

 a) Whether Defendant violated 47 C.F.R. § 64.1200(c);

 b) Whether Defendant violated 47 C.F.R. § 64.1200(d);

 c) Whether Defendant adhered to requests by Class members to stop sending text messages to their telephone numbers;

 d) Whether Defendant's conduct was knowing and willful;

 e) Whether Defendant keeps records of text recipients who revoked consent to receive texts.

  f) Whether Defendant has any written policies for maintaining an internal do not call list.

  g) Whether Defendant violated the privacy rights of Plaintiff and members of the classes;

  h) Whether Defendant is liable for damages, and the amount of such damages; and

  i) Whether Defendant should be enjoined from such conduct in the future.

42. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits text messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

43. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

44. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

45. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all

members of the Classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Classes are in the millions of dollars, the individual damages incurred by each member of the Classes resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

46. The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain class members are not parties to such actions.

## COUNT I
### Violation of the TCPA, 47 U.S.C. § 227
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

47. Plaintiff re-alleges and incorporates the allegations as if fully set forth herein.

48. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

49. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[2]

50. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

51. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

52. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

53. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by

---

[2] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

54. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## COUNT II
### Violations of the TCPA, 47 U.S.C. § 227 (c)(2)
**(On Behalf of Plaintiff and the Internal Do Not Call Class)**

55. Plaintiff re-alleges paragraphs 1-46 as if fully set forth herein.

56. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

57. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet certain minimum standards, including:

> "(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .
>
> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made."

47 C.F.R. § 64.1200(d)(3), (6).

58. Under 47 C.F.R § 64.1200(e) the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wires telephone numbers.

> "(e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.""

47 C.F.R. § 64.1200(e).

59. Plaintiff and Class members made requests to Defendant not to receive calls from Defendant.

60. Defendant failed to honor Plaintiff and members' requests.

15

61. Upon information and belief, Defendant has not instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of their behalf, pursuant to 47 C.F.R. § 64.1200(d).

62. Because Plaintiff and members received more than one text message in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200(d), as described above, Defendant violated 47 U.S.C. § 227(c)(5).

63. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5).

64. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and class members are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5).

65. Plaintiff and class members also suffered damages in the form of invasion of privacy.

66. Plaintiff and class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

b) An award of actual and statutory damages for Plaintiff and each member of the Classes;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited text messaging activity, and to otherwise protect the interests of the Classes;

e) An award of reasonable attorneys' fees and costs; and

f) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

DATED this 24th day of August, 2021

Respectfully submitted,

By: */s/ Manuel S. Hiraldo*
**HIRALDO P.A.**
Manuel S. Hiraldo, Esq.
(Admitted *pro hac vice*)
Florida Bar No. 030380
mhiraldo@hiraldolaw.com
401 E. Las Olas Blvd., Ste. 1400
Fort Lauderdale, FL 33301
954-400-4713

**SHAMIS & GENTILE, P.A.**
Mariam Grigorian, Esq.
*(Admitted Pro Hac Vice)*
Florida Bar No. 1010510
mgrigorian@shamisgentile.com
14 NE 1st Avenue, Suite 705
Miami, Florida 33132
Telephone: 305-479-2299

*Counsel for Plaintiff and the Proposed Class*